**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MARY THOMAS, in her individualized capacity : | |
| as spouse of FERNANDEZ THOMAS, and : | |
| MARY THOMAS, as Next Friend of : | |
| FERNANDEZ THOMAS, JR. and : | |
| DEONTE' THOMAS, : | |
| : | |
|      Plaintiffs, : | |
| : | |
| vs                             : | 1: 04-CV-30 (WLS) |
| : | |
| JIMMIE MURKERSON, TIMOTHY HARDRICK, : | |
| DONALD SKIPPER,  WILLIAM PRICE, : | |
| RONALD SUGGS, TERREL COLLINS, : | |
| LYNN WEBB, and JACKIE LASH, : | |
| : | |
|      Defendants. : | |

## ORDER

Presently pending before the Court is Defendants' Motion to Dismiss and/or for a More

Definite Statement. (Doc. No. 28). For the reasons stated below, Defendants' Motion to Dismiss

and/or for a More Definite Statement (Doc. No. 28) is **DENIED-in-part and GRANTED-in-**

**part**.

### I.      DISCUSSION

#### A.      Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a

complaint on the ground that the plaintiff has failed to state a claim upon which relief may be

granted.  The purpose of the rule is to allow the court to eliminate actions that are fatally flawed

in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary

1

pretrial and trial activity. *See* Neitzke v. Williams, 490 U.S. 319, 326-327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A pre-answer motion to dismiss questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all factual allegations set forth in the complaint are true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233 (1984). Moreover, all factual allegations are to be construed in the light most favorable to the Plaintiff. *See, e.g.,* Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991); *see also* Brower v. County of Inyo, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).

In applying FED. R. CIV. P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In evaluating the complaint under FED. R. CIV. P. 12(b)(6), the threshold of sufficiency that a complaint must meet to survive a motion to dismiss is relatively low, requiring that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a). Plaintiffs are not required at this stage to provide all specific facts of the wrongful death due to suicide claim, the excessive use of force claim, and the wrongful death due to excessive use of force claim beyond those already provided to this Court, under the notice pleadings requirement. *See* FED. R. CIV. P. 8(a). Accordingly, drawing all factual allegations in the light most favorable to the Plaintiff, the Court concludes that Plaintiffs' complaint should not be dismissed as to Counts I, II and III for failure to state a claim because it appears that Plaintiff can point to fact(s) in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957).  Whether the complaint will ultimately be successful is not the question before the Court.[1]  Therefore, Defendants' Motion to Dismiss (Doc. No. 28) is **DENIED as to Counts I, II and III.**

However, as to Count IV, the claim references "Defendant Early County," but no such defendant is in the style of the Plaintiffs' amended complaint. Plaintiffs concede that this argument is meritorious in their response to Defendants' motion to dismiss. (Doc. No. 33).  As to Count V, attorneys' fees pursuant to 42 U.S.C. § 1988 as a remedy are traditionally sought after a Plaintiff prevails in his 42 U.S.C. § 1983 claim and are not considered a separate, independent cause of action.  Estes v. Tuscaloosa County, Ala., 696 F.2d 898 (11th Cir. 1983). Plaintiffs state in their response that they "do not contest this interpretation."  Therefore, Defendants' Motion to Dismiss (Doc. No. 28) is **GRANTED as to Counts IV and V.**

**B.     Motion for More Definite Statement**

Under FED. R. CIV. P. 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The burden is on the movant to demonstrate that the complaint is so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them. Aventura Cable Corporation v. Rifkin / Narragansett South Florida CATV Limited Partnership, 941 F.Supp. 1189 (S.D.Fla.1996). In general, motions for a more definite statement are disfavored under the liberal notice pleading approach under FED. R. CIV. P. 8. Id. A motion for a more definite statement will be denied

---

[1]The Court notes that Defendant's motion is not one for summary judgment which gives the Court more latitude in assessing the legal validity of a claim considered in light of established facts.

3

where Plaintiff's complaint gives the Defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved and Plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a). Perkins v. School Bd. of Pinellas County, Fla., 152 F.R.D. 227 (M.D. Fla. 1993). Accordingly, the Courts have stated that FED. R. CIV. P. 12(e) is designed to remedy unintelligibility in a pleading, not merely a claimed lack of detail. Aventura, 941 F.Supp. at 1195. *See also* Hamilton v. Allen-Bradley Co., 217 F.3d 1321 (11th Cir. 2000)("Detail is not the bedrock on which a proper complaint stands").

The United States Supreme Court eliminated the heightened pleading requirement for civil rights cases filed under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). To require a plaintiff to plead facts, which absent discovery are as of yet unknown, would be in contravention to the Court's liberal notice pleading under Fed. R. Civ. P. 8. Accordingly, a motion for a more definite statement also may not be used as a substitute for discovery. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).[2]

Plaintiffs have filed a complaint which Defendants have characterized as a "shotgun pleading." (Doc. No. 28, p. 2). In their response, Plaintiffs propose a reasonable solution, in light of the posture of this case, by withholding judgment on the substantive allegations of the motion for a more definite statement until discovery is completed.

"The typical shotgun complaint contains several counts, each one incorporating by

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). In the instant action, Plaintiffs' amended complaint contains several counts that reallege all of the preceding paragraphs and the counts themselves are legal conclusions without any short and plain statement of the factual allegations relating to the specific count. Plaintiffs have, therefore, not directed the Court to a short and plain statement of the claims in accordance with the notice pleading requirements of FED. R. CIV. P. 8. Therefore, Defendants' Motion for a More Definite Statement (Doc. No. 28) is **GRANTED as to Counts I, II and III.**

## II.   CONCLUSION

Defendants' Motion to Dismiss (Doc. No. 28) is **DENIED as to Counts I, II and III.**

Defendants' Motion to Dismiss (Doc. No. 28) is **GRANTED as to Counts IV and V.**

Defendants' Motion for a More Definite Statement (Doc. No. 28) is **GRANTED as to Counts I, II and III.** Plaintiffs shall respond and serve on Defendant a more definite statement as to Counts I, II and III **not later than twenty (20) days of the entry of this order.**

**SO ORDERED,** this  19th  day of August, 2005.

            /s/W. Louis Sands
            **W. Louis Sands, Chief Judge**
            **United States District Court**

5