# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| MARY THOMAS, in her individualized capacity as spouse of FERNANDEZ THOMAS, and MARY THOMAS, as Next Friend of FERNANDEZ THOMAS, JR. and DEONTE' THOMAS, | : : : : : : | |
| Plaintiffs, | : : | |
| vs | : : | 1: 04-CV-30 (WLS) |
| JIMMIE MURKERSON, TIMOTHY HARDRICK, DONALD SKIPPER, WILLIAM PRICE, RONALD SUGGS, TERREL COLLINS, LYNN WEBB, and JACKIE LASH, | : : : : : | |
| Defendants. | : : | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and/or Strike Counts I, II, and III (Doc. 39). For the reasons stated below, Defendants' Motion to Dismiss and/or Strike Counts I, II, and III is **DENIED**.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 12(e), Defendants move the Court for an order dismissing with prejudice Counts I, II, and III of Plaintiff's Complaint, or in the alternative, an order striking the same counts for Plaintiff's counsel's failure to comply with this Court's August 19, 2005 Order for a more definite statement as to the aforementioned counts. (Doc. 39; *see also* Doc. 38). In the August 19, 2005 Order, the Court instructed Plaintiffs to "respond and serve

1

on Defendant a more definite statement as to Counts I, II, and III not later than twenty (20) days of the entry of this order." (Doc. 38).   As of the date of the instant motion, October 10, 2005, Plaintiff had neither responded nor served papers on the Defendant, including, but not limited to, a more definite statement as to Counts I, II, and III.  (Doc. 39).

On November 2, 2005, Plaintiff's counsel submitted a letter in which he confirmed a conversation with the Clerk's office wherein the Clerk granted his request for a fourteen (14) day extension to respond to the instant motion.  (Doc. 40).   Plaintiff's counsel filed a second motion for an extension of time to respond to the instant motion on November 16, 2005 (Doc. 41).  The Court granted Plaintiff's second extension request on November 30, 2005.  Pursuant to the Court's Order, Plaintiff's response to the instant motion was due on December 6, 2005.  (Doc. 43).   On December 6, 2005, Plaintiff filed two separate documents: 1) a response to Defendant's Motion to Dismiss and/or Strike (Doc. 44); and 2) a response to Defendant's Motion for a more definite statement (Doc. 45).   The Clerk entered a notice of error in filing Plaintiff's response to Defendant's Motion to Dismiss and/or Strike on December 7, 2005.  Plaintiff resubmitted his response to the instant motion later the same day.  (Doc. 47).

In his response, Plaintiff's counsel acknowledges his failure to timely serve upon the Defendants a more definite statement as the Court instructed.  *Id*.    Plaintiff's counsel respectfully contends that his failure to do so was the result of "excusable neglect" arising from distractions from his personal life, including a medical condition and subsequent convalescence, and computer difficulties.  *Id*.   Counsel states, "as a result of [his] period of convalescence which followed, his status as a sole practitioner, and the backlog of other cases and responsibilities associated with his practice, [he] was simply unable to properly monitor the

2

various assignments entrusted to him and, thus, to insure that the plaintiff's response to defendant's motion to dismiss did not get overlooked." *Id*.

Rule 12(e), upon which Defendants rely in support of the instant motion states in relevant part:

> If the motion [for a more definite statement] is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.   Fed. R. Civ. P. 12(e).

As Defendants note in their motion, while Rule 12(e) does not expressly authorize sanction for noncompliance with an order for more definite statement, the Court has the authority to impose appropriate sanctions, "including dismissal of the plaintiff's action." (Doc. 39 )(*citing* Pardee v. Moses, 605 F.2d 865, 866 (5th Cir. 1979)).[1]   The Pardee court notes that "dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff."  Pardee, 605 F.2d at 866 (emphasis added) (internal quotations and citations omitted).

In the instant case, Plaintiff's counsel presents evidence which supports his assertions that he was recently diagnosed with a medical condition which resulted in the aforementioned distractions from his practice as he sought treatment and convalescence for his medical condition.  (*See* Doc. 47, Exhs. 1, 2; Doc. 48). Plaintiff has also belatedly, with the Court's permission, attempted to comply with the Court's August 19, 2005 Order by filing a more definite statement. (*See* Doc. 45).  Plaintiff also presents evidence which supports his assertions

---

[1]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

that his belated attempt at compliance has neither significantly delayed the instant proceedings nor imposed any significant burden on Defendants.   At the present time, the situation in the instant case fails to meet the Pardee standard such that the Court should sanction Plaintiff or her Counsel as requested by Defendant.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss and/or Strike.  (Doc. 39).

**SO ORDERED**, this   31st   day of December, 2005.


    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**